# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Richard Walker, Jr., | Civil Action No.: 8:19-cv-00857-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Kenneth Neleson, Edward Tisdale, Unknown Classification Coordinator, Unknown Classification Manager, Bryan P. Stirling, | |
| Defendants. | |

This matter is before the court pursuant to the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 9), filed on March 28, 2019. In the Report, the Magistrate Judge addresses Plaintiff David Richard Walker, Jr.'s claims against employees of the South Carolina Department of Corrections ("SCDC"). The Magistrate Judge determined that the claims were duplicative of proceedings already before the court. (*Id*.) As a result, the Magistrate Judge recommends that this court dismiss Plaintiff's action. For the reasons explained below, the court **ACCEPTS** the recommendation of the Magistrate Judge and **DISMISSES** Plaintiff's action without service of process.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate in the SCDC. (ECF No. 1 at 2.) Proceeding *pro se* and *in forma pauperis,* he filed a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 9.) As a result of Plaintiff's placement in the Restrictive Housing Unit ("RHU"), he alleges violations of his due process rights under the Fifth Amendment to the United States Constitution and his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States

1

Constitution. (*Id*. at 1-2.) Plaintiff contends that Defendants failed to hold a hearing for his request to be placed in protective custody. Further, Plaintiff argues placement in the RHU subjected him to cruel and unusual punishment. (ECF No. 1.)

## II. STANDARD OF REVIEW

Plaintiff is a *pro se* litigant and his Complaint is afforded liberal construction so as to give him an opportunity to have a claim stated where his alleged facts would merit one. *Erickson v. Pardus*, 551 U.S. 89, 94 (2014) (per curium). A *pro se* complaint, regardless of how inartfully pled, must be held to a less stringent standard than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 111 (1976).

This court, and other courts have long recognized the duty of ensuring access to the court, and the additional duty of screening suits that are frivolous and or duplicative in nature. In *Wilson v. Lynaugh*, the United States Court of Appeals for the Fifth Circuit expounded on this view by stating "[t]his broad discretion derives from § 1915's dual role of keeping the courtroom doors open to all litigants regardless of financial resources, yet guarding against abuse of this free access by litigants, such as prisoners, who have nothing to lose by flooding courts with suit after suit." 878 F.2d 846, 850 (5th Cir. 1989) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119–20 (5th Cir 1986)); *Jones v. Bales*, 58 F.R.D. 453, 463–64 (N.D. Ga. 1972).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th

Cir. 2005). Thus, the court may accept, reject, modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Upon its review, the court observes that the claims in the instant Complaint at issue are substantially similar to the other cause of actions before this court, and the facts alleged are not unique or so new that they establish a right of action for Plaintiff.[1] Plaintiff frequently files complaints with the court and many of them have been related to events rooted in his detention at the Lee Correctional Institution. During the months of February and March, Plaintiff filed five separate complaints with the court including this action.[2] In a general objection to the Report, Plaintiff claims that his filings are not duplicative. (ECF No. 12.)

After review of the other filings, the court agrees with the Magistrate Judge that the allegations in this case are not unique and are reassertions of claims already before the court. The court has a duty and interest in ensuring its door is open to litigants to receive a proper hearing, but the court must strike a balance to ensure that the court is not overwhelmed with plaintiffs who file complaints without novelty. One of the court's roles is to manage judicial resources, so they are used efficiently and economically. In the instant case, Plaintiff abuses his status to file actions *in forma pauperis*. The court, using its discretion, under 28 U.S.C. § 1915 has determined that Plaintiff's Complaint warrants dismissal because of the duplicative nature of the many suits

---

[1] A court may take judicial notice of its own records pursuant to Rule 201(b) of the Federal Rules of Evidence. The Supreme Court has long recognized the right of federal courts to take judicial notice of a court's own record in matters with the same parties in subsequent litigation. *See Shuttlesworth v. City of Birmingham, Ala.* 394 U.S. 147, 157 (1969).

[2] *See Walker v. Capt. Commander*, No. 8:19-cv-787 (D.S.C. Mar. 15, 2019); *Walker v. Koon*, No. 8:19-cv-688 (D.S.C. Mar. 8, 2019); *Walker v. Lawter,* No. 8:19-cv-646 (D.S.C. Mar. 5, 2019); *Walker v. Stirling*, No. 8:19-cv-597 (D.S.C. Feb. 28, 2019).

Plaintiff has already filed.[3]

## IV.   CONCLUSION

After a thorough review of the Report and Recommendation, the court finds that it provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9). Accordingly, the court **DISMISSES** Plaintiff's Complaint without service of process.  As a result of the foregoing, the court **DENIES AS MOOT** the remaining Motions pending in the matter.  (ECF Nos. 18, 19, 20, 29.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 23, 2019
Columbia, South Carolina

---

[3] In applying *Wilson*, the court has the discretion to dismiss cases that hinder the efficiency of the court. The court views the litigation initiated by Plaintiff to be repetitive and lacking facts to substantiate claims that are novel in relation to litigation decided or pending before the court.

4